IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Cathy Mollinea, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Highmark, Inc. (d/b/a Highmark BlueCross Blue Shield, Highmark Blue Shield, and/or Highmark Health Plan), a Pennsylvania non-profit corporation; and Highmark Health, a Pennsylvania nonprofit corporation;<br><br>Defendants. | C.A. No.:  2:24-cv-01572-PLD<br><br>Magistrate Judge Patricia L. Dodge<br><br><br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Cathy Mollinea ("Plaintiff"), on behalf of herself and all others similarly situated (the "Class"), brings this Complaint against Defendants Highmark, Inc. (d/b/a Highmark Blue Cross Blue Shield, Highmark Blue Shield, and/or Highmark Health Plan) and Highmark Health (collectively "Highmark" or "Defendant(s)") and hereby alleges as follows:

**NATURE OF THE CASE**

1. This case involves Plaintiff and a Class of hundreds or thousands of insurance agents who sold Defendants' health insurance policies (hereafter "insurance" and/or "policy/policies").

2. Defendants used brokers, to whom it made payment for each of these sales, and Plaintiff and the Class's commissions were forwarded to them by the brokers.

3. The insurance sold by Plaintiff and the class, however, was Defendants' insurance.

4. In reliance upon receipt of commissions for their sales efforts, Plaintiff provided Defendants the substantial benefit of selling Defendants' insurance.

5. Defendants unlawfully failed to issue commission payments for all insurance sold by Plaintiff, or, in the alternative, paid the commissions but then wrongfully clawed-back a portion, wrongfully reducing Plaintiff's and the Class's commission payments.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff Cathy Mollinea resides in Arizona. At all times relevant, Cathy Mollinea was a licensed insurance agent who sold Defendants' insurance.

7. Upon information and belief, members of the Class reside in numerous states.

8. Upon information and belief, Defendant Highmark, Inc. (d/b/a Highmark BlueCross Blue Shield, Highmark Blue Shield, and/or Highmark Health Plan); and Highmark Health, are Pennsylvania corporations with their principal place of business in Pittsburgh, Pennsylvania.

9. The actions giving rise to Plaintiff's claims were committed within several states including Pennsylvania.

10. The court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(d) because this is a class action involving more than 100 class members in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and in which at least one member of the Class is a citizen of a state different than Defendants.

11. The Court has personal jurisdiction over Defendants because the acts alleged herein involved insurance agents who were located in this District and as Defendants maintain offices and business operations in this District.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

13. At all relevant times, Plaintiff Cathy Mollinea was a licensed insurance agent engaged in the business of selling insurance.

14. From 2016 through present, Plaintiff and the class have sold Defendants' insurance to customers.

15. Defendants are in the business of issuing and selling insurance pursuant to the Affordable Care Act.

16. Defendants advertised and/or promised to pay a commission for each insurance policy an agent sold.

17. From 2016 through present, Defendant failed to pay Plaintiff and the class commissions for all Defendants' insurance that they sold to customers.

18. During the time period of 2016 through present, Plaintiff sold thousands of Defendants' insurance policies across multiple jurisdictions, including Pennsylvania and West Virginia. The class members did the same, as well as in New York and Delaware.

19. Defendants did not issue payment for all of the commissions owed to Plaintiff and the class, either by simply failing to pay these commissions earned or by wrongfully clawing back these commissions.

20. Defendants have acted unjustly in their dealings with Plaintiff and the class, and have been likewise unjustly enriched because of their conduct.

21. Highmark has likewise received money for these policy sales but has unfairly retained all these monies, including the commissions it owes to Plaintiff and the class.

22. As a result of Defendants' acts or omissions, Plaintiff and the class have been significantly harmed in an amount to be proven at trial.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b) seeking monetary relief on behalf of the following class (the "Class"):

> All persons and/or entities who, at any time during the Class Period, sold insurance issued by any of the Defendants. Excluded are Defendants' employees; members and employees of the law firms in this action; and members of any court handling this action.

24. The Class Period is defined as the longest period permitted by law.

25. This action is properly maintained as a class action under Fed. R. Civ. P. 23(a) and (b).

26. The class consists of hundreds or more persons, such that joinder of all Class members is impracticable.

27. There are questions of fact and law that are common to all Class members and that predominate over questions affecting only individual members. These questions include, but are not limited to:

> A. Whether Defendants were unjustly enriched to the detriment of Plaintiff and the Class members by failing to pay commissions on insurance, and/or in paying less than owed;

4

    B. Whether Defendants have wrongfully retained money that, in equity and good conscience, should be paid to Plaintiff and the class; and

    C. What the appropriate type of relief owed to Plaintiff and the Class is.

28. The claims of Plaintiff are typical of the claims of the Class members because they are based on the same underlying facts and legal theories. Plaintiff has no interests that are antagonistic to the interests of other Class members.

29. Plaintiff is an adequate representative of the Class, and she has retained competent legal counsel experienced in class actions and complex litigation.

30. A class action is an appropriate and superior method for the fair and efficient adjudication of this controversy. The pursuit of thousands of individual lawsuits would not be economically feasible for individual Class members, would cause a strain on judicial resources, and would increase the likelihood of inconsistent adjudications. Each plaintiff in such individual lawsuits would need to prove virtually identical sets of facts in order to recover compensable damages.

31. This action does not present any unique management difficulties.

**COUNT I**
**(UNJUST ENRICHMENT)**

32. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

33. Defendants were unjustly enriched by the receipt of insurance premiums for policies solicited and sold by Plaintiff and Class members, without making a corresponding timely payment of commissions to Plaintiff and Class members.

34. Defendants' enrichment was at the expense of Plaintiff and the Class members.

35. It would be unjust for Defendants to keep the benefits of Plaintiff and Class members under the circumstances.

36. The balance of equities favors Plaintiff and the Class.

## COUNT II
### (MONEY HAD AND RECEIVED)

37. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

38. As alleged above, Defendants have wrongfully retained money that, in equity and good conscience, should be paid to Plaintiff and the class.

39. Defendants are not entitled to retain these unpaid and/or clawed-back commissions, which rightfully belong to Plaintiff and the class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

A. An order allowing this matter to proceed as a class pursuant to Rule 23, with the named plaintiff as class representative and the undersigned as class counsel;

B. Relief in the form of disgorgement of Defendants' unjustly retained commission payments, to compensate Plaintiff and Class members for their losses;

C. Further relief in the form of restitution, disgorgement, and other equitable monetary relief;

D. Further relief in the form, if allowed by law, of attorneys' fees, litigation expenses, interest, and costs; and

E.  Any other or further relief this Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff and Class members request a jury trial on all counts for which a trial by jury may be permitted before the maximum number of jurors allowed by law.

Respectfully submitted,

/s/Maureen Davidson-Welling

| | |
|---|---|
| Patrick J. Perotti, Esquire | Maureen Davidson-Welling, Esquire |
| (*pro hac vice to be filed*) | PA ID No. 206751 |
| pperotti@dworkenlaw.com | mdw@stembercohn.com |
| Nicole T. Fiorelli, Esquire | **STEMBER COHN &** |
| (*pro hac vice to be filed*) | **DAVIDSON-WELLING, LLC** |
| nfiorelli@dworkenlaw.com | The Hartley Rose Building |
| Patrick J. Brickman, Esquire | 425 First Avenue, 7th Floor |
| (*pro hac vice to be filed*) | Pittsburgh, PA 15219 |
| pbrickman@dworkenlaw.com | T.: (412) 338-1445 |
| **DWORKEN & BERNSTEIN CO., LPA** | F.: (412) 338-1446 |
| 60 South Park Place | |
| Painesville, OH 44077 | *Attorneys for Plaintiff* |
| T.: (440) 352-3391 | |
| F.: (440) 352-3469 | |

James J. Weiler, Esquire
(*pro hac vice to be filed*)
jweiler@weilerlaw.com
**WEILER LAW, PLLC**
5050 N. 40th Street, Suite 260
Phoenix, AZ 85018
T: (480) 442-3410

Dated: January 17, 2025

## **CERTIFICATE OF SERVICE**

I certify that on this date a copy of the foregoing **FIRST AMENDED CLASS ACTION COMPLAINT** was electronically filed using the Court's electronic filing system. Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the electronic filing system.

Respectfully submitted,

Dated: January 17, 2025                 /s/Maureen Davidson-Welling
                                        Maureen Davidson-Welling, Esquire