IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHY MOLLINEA, on behalf of herself and all other similarly situated, | ) ) ) ) Civil Action No. 2:24-1572 ) ) ) ) Magistrate Judge Patricia L. Dodge ) ) ) ) ) ) ) |
| Plaintiff, | |
| vs. | |
| HIGHMARK, INC. (d/b/a Highmark BlueCross Blue Shield, Highmark Blue Shield and/or Highmark Health Plan), et al., | |
| Defendants. | |

**MEMORANDUM OPINION**

I.  **Relevant Background**

Plaintiff Cathy Mollinea brings this putative class action against Defendants Highmark, Inc. and Highmark Health. She alleges that she and members of the class were not paid commissions for all of their sales of Highmark, Inc. health insurance policies. Her First Amended Complaint ("FAC") (ECF No. 29) asserts claims of unjust enrichment and "money had and received."[1]

In response to the FAC, Defendants filed a Motion to Dismiss (ECF No. 34) that makes three arguments: (1) under Federal Rules of Civil Procedure 12(b)(7) and 19, Plaintiff has failed to join "necessary and indispensable parties," including HealthMarkets, the general insurance agency that actually paid Plaintiff's commissions; (2) under Rule 12(b)(6), Plaintiff cannot state claims for relief under theories of unjust enrichment and money had and received when her

---

[1] The original Complaint was filed in the United States District Court for the District of Arizona and contained claims for breach of contract, breach of third-party beneficiary contract, breach of the duty of good faith and fair dealing, unjust enrichment and negligence. The Arizona District Court found that it lacked personal jurisdiction over Defendants but denied their motion to dismiss and granted Plaintiff's motion to transfer this case to this Court.

commissions are paid pursuant to contracts; and (3) under Rule 12(f), Plaintiff's class action allegations should be stricken because the class she attempts to define is "unascertainable."

Defendants' supporting brief (ECF No. 35) relies almost entirely upon the Second Declaration of Seth E. Thompson, Manager of Sales Support and Operations at Highmark, Inc. attached to their brief (ECF No. 35 Ex. 1). The detailed description of Plaintiff's commission arrangements provided by Thompson is not alleged in the FAC.

On March 21, 2025, Plaintiff filed a "Motion Pursuant to Fed. R. Civ. P. 12" (ECF No. 43) in which she argues that Defendants have improperly relied upon the Thompson Declaration and the contracts it references that have not been produced to her. She requests that the Court treat Defendants' motion as a motion for summary judgment "pursuant to Fed. R. [Civ. P.] 12(d) and set the motion aside until normal discovery procedures (Rule 26 disclosures and a Case Management Plan with a discovery schedule) occur." (ECF No. 43 at 2.) In a subsequently submitted proposed order, Plaintiff requests that the Court grant her motion and deny Defendants' motion to dismiss "without prejudice until normal discovery procedures occur." (ECF No. 46.)

Defendants filed a brief in opposition to Plaintiff's motion (ECF No. 45) and Plaintiff filed a reply brief (ECF No. 47) without requesting leave of Court.[2]

Defendants then filed a "Notice of Plaintiff's Failure to Respond to Motion to Dismiss First Amended Class Action Complaint" (ECF No. 48), in which they contend that Plaintiff failed to comply with this Court's order to file a response to the motion to dismiss by March 31, 2025. Finally, on April 3, 2025, Plaintiff filed a response to Defendants' notice (ECF No. 49), in which she argues that she did respond by means of her Rule 12(d) motion. The matter is thus ripe for a

---

[2] See Practices and Procedures of Magistrate Judge Patricia L. Dodge, § II(B)(3) ("Reply briefs and sur-repl[ies] are only permitted with leave of Court.")

disposition.

**II.    Discussion**

    A.  <u>Applicability of Rule 12(d)</u>

Rule 12(d) of the Federal Rules of Civil Procedure provides in relevant part that when a motion under Rule 12(b)(6) includes matters outside the pleadings, the motion must be treated as a motion for summary judgment under Rule 56. Moreover, all parties must be given a reasonable opportunity to present all material relevant to the motion. Fed. R. Civ. P. 12(d).

The Court understands Plaintiff's position on this issue to be that the Court should convert the motion to dismiss into a motion for summary judgment and then deny it as premature because it relies on materials outside the pleadings to which she does not have access.

Contrary to Defendants' "notice," Plaintiff did file a response to the motion to dismiss, albeit not the most appropriate response.[3] At any rate, even though Plaintiff's response did not address the substance of Defendants' motion, the Court would not grant the motion as unopposed as Defendants propose.[4] Rather, even if a motion is unopposed, the Court is still required to evaluate the motion on its merits, and therefore will proceed to do so.

    B.  <u>Motion under Rule 12(b)(6)</u>

In ruling on a Rule 12(b)(6) motion, courts generally consider only the complaint, exhibits attached thereto and matters of public record. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

---

[3] The better practice would have been to submit a brief in opposition to the motion, in which Plaintiff could have taken the position that she could not fully respond to the motion because it relied on matters outside the pleadings to which she does not have access.

[4] Defendants cite a case that relies on a Local Rule from the Middle District of Pennsylvania stating that: "Any party who fails to comply with this rule shall be deemed not to oppose such motion." *Gordon v. Robbins*, 2024 WL 4941016, at *1 (M.D. Pa. Dec. 2, 2024) (citing M.D Pa. L.R. 7.6). The Local Rules of this Court do not contain such a provision. Defendants are also directed to the Court's Practices and Procedures, which provide in relevant part that "[w]hen citing to unpublished opinions, counsel must use the Westlaw citation rather than the LEXIS cite." Section II(B)(2).

In addition, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

In part, Defendants rely upon the Thompson Declaration in support of their Rule 12(b)(6) motion. However, it is not an undisputedly authentic document on which Plaintiff's claims are based and, as Plaintiff notes, the contracts referenced therein are not attached. Indeed, Plaintiff indicates that Defendants have refused to provide the contracts to her and Defendants state that they are confidential and proprietary, but that they will make the agreements available to the Court for review, whether by filing them under seal or for in camera review, should the Court deem it necessary. Therefore, this declaration cannot be considered in connection with a motion to dismiss under Rule 12(b)(6).[5]

Defendants have not alternatively requested that the Court consider their motion as a motion for summary judgment. Although Plaintiff requests that the motion be treated as an "attempted" motion for summary judgment, she also requests that it be "set aside." Simply put, Plaintiff indicates that she cannot respond to the motion at this stage of the proceedings because no discovery has taken place. "If discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the motion." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007). Thus, despite the awkward way in which Plaintiff presents her argument, the Court understands her position to be that Defendants' motion is premature.

---

[5] Plaintiff attaches to her motion an email exchange between counsel to demonstrate that Defendants have refused to produce the contracts requested (ECF No. 43 Ex. A.) Similarly, the Court cannot consider this document.

Defendants argue that they "submitted matters outside the pleadings in support of only their Rules 12(b)(7) and 19 dismissal arguments." (ECF No. 45 at 2.) As noted above, however, they also argue in support of their Rule 12(b)(6) motion that Plaintiff fails to state a claim on which relief can be granted regarding her claims of unjust enrichment and money had and received because her commissions are paid pursuant to contracts with other entities. They have not explained how the Court can reach this conclusion without examining the Thompson Declaration and its detailed explanation about the structure of Plaintiff's commissions. While Defendants state that they are relying on allegations made in the original Complaint, "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (citation omitted).

Therefore, the Court will deny Defendants' Rule 12(b)(6) motion regarding Plaintiff's claims of unjust enrichment and money had and received.

C.  <u>Motion under Rule 12(f)</u>

Rule 12(f) provides that: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although consideration of the Thompson Declaration is not necessary to resolve Defendants' motion insofar as it seeks to strike the class action allegations, it is equally true that the allegations in the FAC are not "redundant, immaterial, impertinent or scandalous." Therefore, Rule 12(f) does not apply.

Rather, Defendants are attempting to obtain dismissal of the allegations because they fail to state a claim for class relief, that is, because they argue that "the putative class includes those who sold insurance issued by Highmark, Inc. irrespective of whether they were paid commissions on those sales." (ECF No. 35 at 15) (footnote omitted). Therefore, they argue that Plaintiff's class definition is not ascertainable.

The Court of Appeals has held that. "A plaintiff seeking certification of a Rule 23(b)(3) class must prove by a preponderance of the evidence that the class is ascertainable." *Byrd v. Aaron's Inc.*, 784 F.3d 154, 163 (3d Cir. 2015). But Plaintiff has not filed a motion for class certification and no discovery has taken place on this issue. Thus, this inquiry is premature.

D. Motion under Rule 12(b)(7)

Relying upon Rule 12(b)(7), Defendants argue that Plaintiff failed to join HealthMarkets under Rule 19. In reviewing a Rule 12(b)(7) motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*, 65 F. App'x 803, 805 (3d Cir. 2003). At the same time, "[a] court making a Rule 19 determination may consider evidence outside the pleadings." *Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc.*, 669 F. Supp. 2d 613, 618 (W.D. Pa. 2009). However, "ex parte statements, made without any documentation, are insufficient to sustain [such a] motion." *United States v. New York State Supreme Ct., Erie Cnty.*, 2008 WL 305011, at *6 (W.D.N.Y. Feb. 1, 2008) (citation omitted).

Defendants argue that that HealthMarkets is a necessary and indispensable party with respect to Plaintiff's claims of unjust enrichment and money had and received against the Highmark Defendants because: (1) General Agencies such as Tiffany Kistler and Ritter are responsible for paying compensation to Retail Producers like Plaintiff (after taking a portion of the payment received from Highmark, Inc. when Plaintiff sells an insurance policy) and General Agency Emerson Reid is responsible for paying HealthMarkets, which in turn is responsible for paying Plaintiff (once Emerson Reid and HealthMarkets each take a portion of the payment received), and thus complete relief would be unavailable to Plaintiff and Defendants absent joinder of these necessary parties; (2) joinder of HealthMarkets (with whom Plaintiff had a contract for

6

the payment of commissions, less its administrative fee) is not feasible because its contract with Plaintiff requires arbitration of disputes (and in fact, Plaintiff already has initiated an arbitration proceeding against HealthMarkets); and (3) HealthMarkets is an indispensable party because a judgment entered in its absence might prejudice HealthMarkets and would not be adequate because it could leave Plaintiff or Highmark, Inc. exposed to further claims.

Plaintiff has not responded to these arguments. Rather, she has taken the position that they are premature because they based on the Thompson Declaration which is outside the pleadings. However, as explained above, in making a Rule 19 determination about whether parties are necessary and indispensable, a court may examine evidence outside the pleadings. Because the Court concludes that this pivotal issue requires additional discovery and disclosures in order for the Court to effectively rule on Defendants' motion, it will deny the motion without prejudice and will require the parties to engage in preliminary discovery on issues related to necessary and indispensable parties. This issue will be addressed at the initial case management conference.

### III.    Conclusion

The Court will deny Plaintiff's motion under Rule 12(d). Given the stage of this case, the Court declines to convert the motion to dismiss into a motion for summary judgment and then "set it aside" as Plaintiff suggests.

Further, Defendants' motion to dismiss under Rule 12(b)(6) will be denied without prejudice to be reasserted as a motion for summary judgment, as appropriate, after discovery in the normal course of proceedings. Similarly, the motion to strike class action allegations under Rule 12(f) based on the issue of the ascertainability of Plaintiff's proposed class will be denied without prejudice and will be addressed if and when Plaintiff moves for class certification.

However, with respect to the Rule 12(b)(7) and Rule 19 aspect of the motion, Defendants' motion will be denied without prejudice and may be renewed at an appropriate time.

Appropriate orders follow.

Dated: July 21, 2025				BY THE COURT:

						/s/Patricia L. Dodge
						PATRICIA L. DODGE
						UNITED STATES MAGISTRATE JUDGE